Morning your honors the police of this court and counsel. My name is Kelly steenbach. I represent Merwin Levering in this appeal Judge this case finds this case in front of you on an appeal of a finding on resentencing under the armed crew criminal act at Issue are whether or not mr. Levering's prior convictions from the state of Iowa Count as one prior conviction or more than one prior convictions Historically this case started in 2004 where mr. Levering was convicted after trial the information of prior convictions filed by the government listed Five prior felony predicates to include a first-degree assault use from the state of Nebraska The prior conviction from the state of Iowa specifically the Adair County conviction from the state of Iowa Which is an assault during the course of a flight to avoid arrest The third conviction was an escape conviction from the state of Nebraska and then there were two other convictions that are nonviolent offenses They were I believe a forgery and maybe a theft after Conviction and sentencing. Mr. Levering appealed his designation as an armed crew criminal to this court assigning with particularity The is the escape conviction saying that it wasn't a prior violent felony This court upheld that conviction this court passed without much commentary about the Iowa incident It was viewed as one incident in the pre-sentence report that was presented to the court at sentencing And then it was viewed by the 8th Circuit on appeal as one incident After Johnson was decided I was appointed and I filed a petition to rehear and to request that given the fact that the escape conviction would no longer qualified as a Prior violent conviction then. Mr. Levering be sentenced as a felon in possession under 922 g1 that his sentence of 262 months I believe be vacated that the maximum sentence under the law would then be 10 years prison Upon Approach of the sentencing and during the briefing saying that the way this belated way this issue came up that somehow precludes us from precluded the government from raising it or us from Resolving it. No. No, I don't I think that I I can't Contextualize that because at the time that the case proceeded the first time no one viewed this as separate violent events events It was viewed both for criminal history PSR said two of the three county Convictions got no criminal history points and my reaction was is that relevant to the ACCA issue? I don't think so. But if it is It's just another one of the factors that demonstrate that at every level that it was viewed as one criminal occurrence that it was one series of events And the court correctly points out and it's not completely relevant I mentioned it because more than one person viewed that as this is one event. It's only once the court and Realized that without breaking that it just multiple offenses that mr. Levering would not be an armed criminal All right The other way look at it is the it was only when it became relevant that anybody focused on whether it was more than one That's that's fair. However, why don't you address why this shouldn't be counted as more than one? The facts as outlined in what we can glean from the record in The Adair County conviction and the Dallas County conviction is basically your typical high-speed flight. Mr Lovering is in a stolen vehicle. He is apprehended or tries to be apprehended by West Des Moines police He flees through Des Moines West Des Moines local sheriffs the state patrol City police, they're all chasing him through multiple jurisdictions Our position is that it is a continuous criminal event that there is no separate men's read there's no separate Deliberation there's no separate intent once he crosses each County line that his intent is the same throughout the entire course of the criminal period to avoid arrest to Try and get away with the crimes that he had committed and to not have to face the consequences for each of these crimes the cases that delineate separate events even in short periods of time talk about different victims a Period of repose where the individual can collect their thoughts and decide to commit a new crime Travel that would be necessary to commit one burglary across the lake commit another burglary They were different victims I mean you can say they were all cops and there but but they're they're different human beings in different counties with different jurisdictions who were assaulted in different ways I agree than By the by the same vehicle driven by the same person. I agree and that's why I cited in my brief to The Willoughby case which went into historically the reason for this the law as amended talked about the case of petty that came from the 8th Circuit and when it went up to the Supreme Court the Solicitor General conceded that case involved factually a robbery of a restaurant I believe where many people were held up and robbed at gunpoint during the course of that robbery and On appeal to the Supreme Court the Solicitor General said, you know, that is not what we think our career criminal means These are not separate events and although they are separate individual people that have had a crime placed upon them they're not separate for purposes of what our career criminal talks about and so after that case was remanded the Congress amended the statute to include that language about separate criminal incidents. Excuse me the Occasions different from one another language which in our position is is important because This is much more like doing a robbery at a full, you know place of business then Committing a crime inside a bar walking two blocks 25 minutes later using a different weapon to perpetuate a different crime on a different victim. Those are distinguishable And mr. Levering had involved in a multiple County high-speed chase He gets apprehended by police and then subsequently during his arrest or booking process assaults a police officer. That's obviously separate That's a separate type of crime a separate type of incident. Our argument here is that this is all What if the county lines were just huge counties and he didn't cross any county lines. Does that make it less of a multiple event or Does the fact that he crossed the county lines is that the exclusive thing that makes them separate events and I would submit to the court Separate in terms of prosecuting it did and the good you couldn't Prosecute all three all three counties in one case They could have prosecuted every single one of those victims and they didn't the judges in state court could have run the sentences consecutively They did not in fact all three convictions to only two were at issue because the government conceded one of them The record was insufficient So in Dallas and Adair counties the judges ran the sentences concurrently and I think that's evidence in of itself That the judges in those jurisdictions thought it was one continuous act and one continuous occurrence Otherwise doesn't the court have a responsibility in that situation to account for the separate crimes and separate wrongs to its citizens within its county That was not what happened in this case See I did have a question about whether this really makes any difference because I noticed that the district judge sentenced Levering to 240 months on count one. That's the count we're talking about here as I understand it and then 120 months on count two, but ran them concurrent. So the total time served would be 240, right? but then she goes on to say If you had not been an armed career criminal at the time of original sentencing and if I had an upper limit On how I could sentence you on count one. I Would have made count one and count two consecutive And as I understand your position, there should have been an upper limit of 120 on count one Because it'd be a 10-year maximum without the ACCA without ACA ACA CCA excuse me The upper limit would be 10 years the second crime of conviction would also carry 120 months, right? So then she says I would have made him consecutive if I couldn't if you had not been an armed career criminal So it would be 120 plus 120 which equals the same 240 that he's serving That is what the court said. There are different statutes though. The felon in possession statute is 922 g1 armed career criminals 924 e1 the Statutory potential penalty if mr. Levering is not an armed career criminal is the same Except for the fact that the period of supervised release post incarceration Goes from five years under armed career criminal to three years in felon possession of a gun So did she assign him for supervised release five years So you're saying we have to decide the issue because of a two-year Well, I think that there are other issues But yes If the court finds that the alternative sentence pronounced would be the sentence that she would give again I still think it needs to be remanded because as you correctly pointed out She mentioned that that's what she would have given him at the time of trial Had he not been armed career criminal and I don't think that's really the issue before the court at the time of a resentencing But then additionally he does need to be resentenced with regard to the different supervised release term That is one option available to the court, yes Judges, I saved a few minutes of time. So I'll just have a seat and then if the court has more questions I'll be back in a few minutes I May please the court I'm Mike Norris. I'm an assistant United States attorney in the District of Nebraska and I represent the appellee I'm going to start a little bit backwards and Just because of something that judge Colleton brought up and that is There are two counts. They both carry a 10-year Maximum and the judge made it clear that she would have run these consecutives She said at the time of the original she did and that's that doesn't That's not a true alternative sentence. Is it? It it's not a tight alternative sentence I give you that but I think under the sentencing packaging doctrine You know, I think what she's telling you is this is what I'm gonna do. This is what I would do This is what I was gonna do before and there's nothing in here that is going to change as far as as this goes So there's well she says it would change the Maximum supervised release term it would and I and I and I agree with that if you were if you were to find That's error and say we should reduce it to three years. Then I guess and and I'm I'm not gonna do that so let me turn back to where where I'm going to where I intended to start out because the primary issue on this appeal is Whether the district court erred in concluding that leverings convictions in Dallas and Adair County The ones for assault while participating in a felony and that both occurred over a four-county chase Constituted separate predicate offenses under the Armed Career Criminal Act And I think the case law the numerous case law that has been decided in this court from 2003 starting with Daru and up until 2016 there's about five or six different cases that the And the court applied one of those Humphrey, it's very very clear that this court's precedents Show that this falls within the Armed Career Criminal Act Specifically the language that the court had to interpret to determine whether or not they were separate incidents as opposed to one continuing episode The court found that the convictions occurred in two different places Obviously two different counties two different sources of venue They actually and there's a third one out there as well that we are we're not relying upon By definition and the laws of science they had to occurred at two different times They involved different victims in those different places. They were separate aggressions so there's a men's ray argument but that men's ray argument is every time that he decides that he's going to turn that car at A police officer or turn that car on and on and another individual in order to wreak havoc He's causing an assault. That's the assault that he's dealing with. He could have backed off at any given time He could have withdrawn from this event He could have stopped at any given time and not put anybody else at harm or at risk or committed any more assaults Thus with his Dallas and Adair convictions along with an uncontested violent felony for assault with use of a firearm in, Nebraska He remained an armed career criminal and a de novo review by this court should confirm that Now the precedent of this court that is interprets that language committed on occasions different from one or another is ample It's clear as I indicated earlier. It started with Daru in approximately 2003. It continued through Abbott in 2016 Pledge in 2016 but the one that the court used was United States versus Humphrey and she used it because it laid out three factors for determining whether it's a continuous episode or whether it's committed on occasions different from one and another and That test was set forth as to are there different Times is there a time lapse between the events? Is there a physical distance between these events and is there a lack of substantive continuity which has been defined by Judge Murphy and Humphrey and in other cases as different victims Different aggressions or the ability to withdraw from the conduct. So she applied the precedent of the circuit In applying that she came to the conclusion that these were separate and distinct episodes and because they were separate and distinct episodes they were Each of these two were separate predicates under the multifactor test where the one or more of the factors don't apply Well, I think they do apply You almost have to suspend the rules of science for them not to apply They're occurring in different places They're occurring at different times and the and the district court as much as said You can't have this happen unless they're at different places in different times It's physically impossible to have this happen. It's a chase It's a continuous chase But that continuous chase goes over the course of four different counties and over 50 different miles involves different police officers involves different motorists of overall substantive continuity we Okay, there's substantive continuity here I'm not suggesting that there isn't an argument for substantive continuity but the better argument as it relates to substantive continuity is whether or not there are Different aggressions and each aggression is done in a different place against a different officer And whether or not he had the ability to withdraw from his course of conduct and not put subsequent people at risk and that's part of the Lack of substantive continuity test and she applied that test This courts going to review this de novo to determine whether he's an armed career criminal But you're going to review her factual findings for clear air and I don't see how she erred in Determining that these were incidents in which they were separate predicates If the third arrest had been charged differently so that it could be Categorically counted the third time. Yes. Yeah Then this man would have had three convictions that count based on that one He could have and then he would be a quote career criminal, right? He could that's really consistent with I think it is and I think if you have to say he's a career criminal based on three Yeah Escape, you know high-speed chase assaults like that I think it's consistent with how this circuit has looked at these cases and made that The cases they frequently involve The one that the the court used Humphrey was an end. Oh, I know All right, if we should give any weight to the word career and whether that should inform how we Apply the phrase different occasions from one another because arguably Somebody who does three assaults like this on one high-speed chase on one day isn't one exhibiting a career of I understand One day or within one hour or whatever time period that you want to put but that's not this case because in this case, he has an extensive criminal history that starts well before this and Continued after his Adair County convictions one that caused him a career offender You know up and until Johnson comes along he's a career offender without any resort as to whether or not we have to parse whether or not there's a Episode in Polk County in Madison or in Madison County or Adair County Or any of the counties in which he led on this chase Johnson changed only as it relates to him his escape conduct which at the time Still would appear to be violent but you have to use the Categorical approach and not the modified approach and therefore his kicking out the windshield while he was in custody and then escaping is now Not considered to be a Violent crime so he would be the wrong vehicle in which to reach that conclusion It may be something for you to determine somewhere down the road when presented or if presented with a case or somebody's a career offender based on for burglaries within a two-hour span At or within the same County as has already been presented. I believe by pledge in this particular case That's all I had to say with regard to the armed career criminal I Would ask the court to affirm the finding that he's an armed career criminal. I would ask the court to affirm the substantive reasonableness of the sentence because the district court did not Abuse her discretion as it's clear by his criminal history, which I won't relate now at this point I think it's very clear. So unless there are any questions, I would just ask the court to affirm. Thank you I Just had a brief comment, I just wanted to hammer home the substantive continuity of the crime at issue here You know, there's a lot of talk about these different victims and different aggressions And I just I disagree that they're different aggressions They are different victims by virtue of who is chasing him from different law enforcement agencies or what citizens are on the road But I Completely disagree that his mens rea or his intent is different with each individual person. He comes across I think that when you talk about different intentions you talk about different types of crimes and different motivations for the offense If a person commits a burglary and then later commits an assault Those are different intent crimes, even if the person that you assault is also the owner of the home But we have the cases about multiple burglaries, right? Could make the same argument there while the guy had decided that day he was going to commit multiple burglaries So it's quote the same mens rea I think that that's what the testimony was in pledges that he did intend to commit multiple burglaries What was interesting factually in that case is it involved several different burglaries? All in rural, Tennessee. It took travel to go in between each house There was a period of repose where he could have decided to abort the continuing mission of committing these crimes in Daru the burglaries occurred Agreed he could have decided that I don't think that there was any period where the chase stopped or that the criminal conduct came to a logical conclusion that One would expect a person to have some reflection about whether or not they intended to continue In Daru the court found that although the burglaries happened in close time period that they happened over the course of six separate lakes The travel and the the stopping of the continuance continuous criminal activity is substantial in that case The the lakes I Guess I don't know that but I would assume that they're not that far away But in between each burglary they packed up They made a decision to go to the next Residence to go there to commit a new crime by figuring out how to break into the house What tools were necessary for that? I would argue that in each time when you complete the act of the burglary of that house That's that's the end of that criminal enterprise and that there is a break and there's no continuity between the next crime that occurs in in In Hamel, that's the one I talked about earlier with judge Colleton where there was a knife fight in the tavern He he perpetuates an assault on one person Comes out sees that a witness a couple of blocks away is aiding one of the victims and he shoots that individual Those are obviously separate incidents where a person completed one criminal act Apparently acquired a weapon Transported themselves a couple of blocks and made contact with a completely different person Would it be different if he had been inside the tavern and had used that knife on multiple different people Does that because it happens so quickly and there's no no moment of the stop of the criminal activity with the court find that that's one or multiple convictions for purposes of an armed career criminal enhancement And look at the whole purpose of armed career criminal is the statute wants the court to have the right to give an individual When a person commits in serial separate offenses that make them a violent felon that make them a person that deserves more jail time whether or not the court finds that this is a Continuous event in just one County Does it make him more of an armed career criminal if all of this happened in one County or if it happened in two? Or three counties, it's exactly the same level of risk the exact same level of assessment and quite honestly the circumstances of the offenses Whether or not they qualify for armed career criminal if he's not an armed career criminal The court has every right on resentencing to evaluate the specific circumstances of the case and determine the appropriate sentence With that your honor. I will submit it. I appreciate your your attentiveness and look forward to seeing you again in the future Thank You counsel once again a sort of non-complex fact situation produces a thorny sentencing issue and Both sides of it have been well presented and argued and we'll take it under advisement